UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA AMBRIZ, individually and on behalf of D.A., a minor as his Guardian Ad Litem,<br><br>    Plaintiffs,<br><br>    v.<br><br>CVS PHARMACY, INC., et al.,<br><br>    Defendants. | No.  1:19-cv-01391-NONE-BAM<br><br>**ORDER DENYING, WITHOUT PREJUDICE, JOINT REQUEST TO FILE PETITION TO APPROVE COMPROMISE OF THE CLAIM OF MINOR D.A. UNDER SEAL**<br><br>(Doc. No. 22.) |

Currently before the Court is the joint application of the parties to file the Petition for Approval of Minor's Compromise under seal. (Doc. No. 22.) The parties request to seal the application for approval, all associated exhibits, attachments and proposed orders, and any subsequent court order pertaining to those documents because the petition contains confidential information relating to the cause of the incident giving rise to this matter, personal and potentially sensitive financial information relating to the minor plaintiff, and confidential settlement information between the parties. (*Id.*)  For the reasons that follow, the parties' joint application is DENIED without prejudice.

**LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records

1

and documents, including judicial records and documents.'" <u>Kamakana v. City & Cty. of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." <u>Id.</u> at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." <u>Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted).

Two standards govern whether documents should be sealed: a "good cause" standard, which applies to non-dispositive discovery type motions and a "compelling reasons" standard, which applies to dispositive motions. <u>Kamakana</u>, 447 F.3d at 1179; <u>see also</u> <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 677-78 (9th Cir. 2010).  Under the "compelling reasons" standard, which is applicable here because a settlement is presumptively dispositive, the court "must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret."[1]  <u>Kamakana</u>, 447 F.3d at 11, 605 F.3d at 1179.  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." <u>Id.</u>  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." <u>Id.</u>

**DISCUSSION**

According to the sealing request, the petition at issue includes confidential information relating to the cause of the incident giving rise to this matter, personal and potentially sensitive

---

[1]  The "compelling reasons" standard applies to a petition for approval of a minor's compromise because it will dispose of claims in the case.  See <u>Estate of Levingston v. Cty. of Kern</u>, No. 1:16-cv-00188-DAD-JLT, 2017 WL 4700015, at *1 (E.D. Cal. Oct. 19, 2017) (applying "compelling reasons" standard to request to seal petition for approval of a minor's compromise of claims).

financial information relating to the minor plaintiff, and confidential settlement information between the parties.  (Doc. No. 22-1, Declaration of Merna R. Abdelmalak ("Abdelmalak Decl.") at ¶ 3.)  Defendant notified Plaintiffs' counsel of its intent to seek leave to have the terms of the settlement placed under seal.  Plaintiffs' counsel reportedly had no objection and supports the instant motion.  (*Id.* at ¶ 4.)

The parties now assert that compelling reasons support the sealing request, viewing the information in the petition for approval of minor's compromise to be "sensitive and confidential" because it relates to Defendant's financial dealings with a minor and is otherwise competitively sensitive.  (Abdelmalak Decl. at ¶ 5.)  In particular, the parties contend that sealing of the petition is necessary and justified to protect the privacy interests of the minor and the defendant.  They also contend that sealing is necessary "to protect the business interests of Defendant as to prevent the dissemination of settlement information which could be used against it unduly in the media or as leverage against Defendant in other litigation, as the facts and circumstances which led to Defendant's decision to settle this matter are unique and peculiar to this case." (*Id.*)

Having considered the document at issue, the Court concludes that the parties have not demonstrated compelling reasons for filing the petition and its related exhibits under seal. The nature of this action and the existence of a settlement are already publicly known and available by way of the Court's docket.  (Doc. Nos. 2, 20, 22.)  The parties' suggestion that sealing of the settlement information is necessary because it may be used in the media or as leverage in other litigation is not a compelling reason.  As stated, "that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Kamakana, 447 F.3d at 1179.  There is no indication that the records will be used to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. Id.  Finally, with regard to the minor's "personal and potentially sensitive financial information," including any identifying information, Local Rule 140 contemplates that such information may be redacted rather than sealed in its entirety.[2]  See C & C Properties v.

---

[2]  Local Rule 140 (privacy concerns and redaction) requires counsel, unless otherwise ordered by the Court, to redact the following personal data identifiers from all pleadings,

1  Shell Pipeline Co., No. 1:14-cv-01889-DAD-JLT, 2019 WL 3080801, at *3 (E.D. Cal. July 15,
2  2019); Mack v. Dearborn Nat'l Life Ins., No. 2:14-cv-1665-KJM-DAD, 2014 WL 12572866, at
3  *2 (E.D. Cal. Aug. 26, 2014) (denying plaintiff's request to seal where plaintiff failed "to explain
4  why some or all of the exhibits should not be redacted in accordance with Local Rule 140 rather
5  than sealed."). The Court notes that the parties have generally asserted the minor's privacy
6  interests, but they have not identified any privacy interests beyond those of the minor's financial
7  information. To the extent the petition and supporting exhibits may include information
8  implicating additional privacy interests, such as the minor's medical records, the parties are not
9  precluded from filing a renewed request to seal.

## CONCLUSION

Accordingly, in the absence of compelling reasons, the joint request to seal is HEREBY DENIED without prejudice. The parties shall comply with Local Rule 140 regarding privacy concerns and redaction. However, the parties are not precluded from filing, either individually or jointly, a renewed request to seal to protect the minor's privacy interests.

IT IS SO ORDERED.

Dated: __July 30, 2020__                 /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE

---

documents, and exhibits:

> (i) Minors' names: In criminal actions, use the minors' initials; in civil actions use initials when federal or state law require the use of initials, or when the specific identity of the minor is not necessary to the action or individual document;
> (ii) Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number;
> (iii) Social Security numbers: Use only the last four numbers;
> (iv) Dates of birth: Use only the year;
> (v) Home addresses in criminal actions only; use only the city and state; and
> (vi) All other circumstances: Redact when federal law *requires* redaction.

Local Rule 140(a)(i)-(vi).