UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA AMBRIZ, individually and on behalf of D.A., a minor, as his Guardian ad Litem,<br><br>Plaintiffs,<br><br>vs.<br><br>CVS PHARMACY, INC.,<br><br>Defendant. | Case No. 1:19-cv-01391-NONE-BAM<br><br>**ORDER REGARDING SUPPLEMENTAL BRIEFING ON PETITION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>(Doc. No. 26)<br><br>**VACATING SEPTEMBER 11, 2020 HEARING** |

On March 29, 2019, Plaintiff Blanca Ambriz, individually and on behalf of D.A., a minor, as his guardian ad litem ("Plaintiff") filed a petition to approve a compromise with Defendant CVS Pharmacy, Inc. ("Defendant"). (Doc. No. 26.) Defendant did not file an opposition to the motion.

## I. FACTUAL BACKGROUND

Plaintiffs initiated this action on June 13, 2019, in the Superior Court of California for the County of Tulare. (Doc. No. 1.) The California Judicial Council form complaint asserted claims for negligence, strict products liability, negligent infliction of emotional distress, and negligent hiring, retention, and supervision of staff arising out of an incident on or about March 15, 2018, when Defendant allegedly provided D.A. with an incorrect prescription, causing D.A. to suffer an adverse reaction. (*Id.*) On June 13, 2019, the state court appointed Blanca Ambriz as guardian ad litem for D.A. (*See* Doc. No. 25.)

The matter was removed to this Court on October 3, 2019. (*Id.*) On October 11, 2019, Defendant filed a motion to dismiss, which the Court granted in part and denied in part on April 2, 2020. (Doc. Nos. 5, 17.) The Court's order dismissed Plaintiff's claims for strict products liability and

1

negligent infliction of emotional distress but allowed the negligence and negligent hiring, retention, and supervision of staff claims to proceed. (*See* Doc. No. 17.) On May 27, 2020, the parties filed a notice of settlement. (Doc. No. 20.) Plaintiff filed the instant petition for approval of the compromise of minor's claims on August 12, 2020. (Doc. No. 26.)

### Terms of Settlement

Defendant has agreed to pay $5,000.00 to settle this action. According to the petition, $2,337.00 of this amount is apportioned to counsel for Plaintiff, representing $1,750.00 in attorneys' fees and $587.00 in costs, and $2,663.00 is apportioned to Plaintiff. There are no applicable medical liens and all bills related to services rendered to and on behalf of D.A. have been fully satisfied. Plaintiff's portion of the settlement funds are to be made payable to Blanca Ambriz to be used in her best judgment for the benefit of D.A.

## II. DISCUSSION

### A. Relevant Standards

No compromise or settlement of a claim by a minor is effective unless it is approved by the Court. Local Rule 202(b). In actions in which the minor is represented by an appointed representative pursuant to appropriate state law, the settlement or compromise must first be approved by the state court having jurisdiction over the personal representative. Local Rule 202(b)(1). Following such approval, a copy of the order and all supporting and opposing documents filed with the state court shall be filed with this Court. *Id.* The Court may either approve the settlement or compromise without hearing or calendar the matter for hearing. *Id.*

In all other actions, the motion for approval of a proposed settlement or compromise must disclose, among other things, the following:

> the age and sex of the minor . . ., the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . ..

Local Rule 202(b)(2).

Additionally, when, as here, the minor is represented by an attorney, the representation must be disclosed to the Court, including the terms of employment and whether the attorney became involved

in the application at the instance of the party against whom the causes of action are asserted, whether the attorney stands in any relationship to that party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount.  Local Rule 202(c).

Federal Rule of Civil Procedure 17(c) also imposes on district courts a special duty to safeguard the interests of litigants who are minors.  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Ninth Circuit's decision in *Robidoux* sets forth guidelines for determining the reasonableness of a minor's settlement and instructs district courts to "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181–82.  Further, the Ninth Circuit directed that the fairness of each minor's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078).  Although *Robidoux* expressly limited its holding to cases involving settlement of a minor's federal claims, *Id*. at 1179 n. 2, district courts also have applied this rule in the context of a minor's state law claims.  *See Sykes v. Shea*, Civ. No. 2:16-2851 WBS GGH, 2018 WL 2335774, at *1 (E.D. Cal. May 23, 2018) (noting application of *Robidoux* to state law claims); *Frary v. Cty. of Marin*, No. 12-CV-03928-MEJ, 2015 WL 575818, at *2 (N.D. Cal. Feb. 10, 2015) (discussing that "district courts have found the *Robidoux* rule reasonable in the context of state law claims and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as well"); *see also Lobaton v. Cty. of San Diego*, No. 3: 15-cv-1416-GPC-DHB, 2017 WL 2610038, at *2 (S.D. Cal. Jun. 16, 2017) (applying *Robidoux* to evaluation of minor's settlement where district court exercising supplemental jurisdiction over state law claims).

### B. Analysis

Having considered the petition and the terms of the settlement, supplemental briefing from

Plaintiff is warranted. Local Rule 202(b)(1) requires the settlement or compromise to first be approved by the state court having jurisdiction over the personal representative in actions in which the minor is represented by an appointed representative pursuant to appropriate state law. Here, it appears Blanca Ambriz was appointed as D.A.'s guardian ad litem by the state court pursuant to state law but the petition does not address whether the state court has approved the settlement as required by Local Rule 202(b)(1). Even if the petition could be properly analyzed under Local Rule 202(b)(2), it does not provide enough information to assist the Court in determining whether the settlement amount is fair and reasonable. Specifically, Plaintiff does not disclose the manner in which the compromise amount was determined, and it is unclear if the amount recovered here is comparable to recoveries in similar cases. *See* Local Rule 202(b)(2); *Robidoux*, 638 F.3d at 1181-82.

Further, where, as here, the minor is represented by an attorney, Local Rule 202(c) requires the representation to be disclosed to the Court, including the terms of employment and whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, whether the attorney stands in any relationship to that party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount. Plaintiff's petition fails to provide an adequate disclosure of the attorney's interest and the terms of counsel's employment are not clear. The petition does not describe when counsel was retained, what the terms of the purported contingency agreement are, whether the attorney became involved at the insistence of Defendant directly or indirectly, whether counsel has any relationship to Defendant, or whether counsel has received or expected to receive any compensation, from who, and the amount.

Additionally, Plaintiffs have represented that the total net recovery of $2,663.00 will be paid to Blanca Ambriz to be used in her best judgment for the benefit of D.A. There are no assurances that the single lump sum distribution protects the minor's settlement proceeds from potential loss or waste. *See* Local Rule 202(e) (contemplating monies be disbursed for the protection of the minor). Plaintiff will be required to deposit the settlement funds in a blocked account or a similar structure.

## III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall file a supplemental brief on or before **September 25, 2020,** addressing

the information required by Local Rule 202, including whether the state court has approved the settlement or why such approval is not required here, how the settlement amount was determined, the attorney's interest, and a proposal for disbursement of funds to protect the interests of the minor plaintiff; and

    2.    The hearing currently set for September 11, 2020, at 9:00 AM before the undersigned is hereby VACATED. Pursuant to Local Rule 230(g), the Court will take the petition under submission after Plaintiff's supplemental brief is filed. If the Court subsequently determines that a hearing will be necessary following review of the record and briefs on file, a hearing will be set by separate order.

IT IS SO ORDERED.

Dated: **September 4, 2020**                                  /s/ *Barbara A. McAuliffe*
                                                                               UNITED STATES MAGISTRATE JUDGE