UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA AMBRIZ, individually and on behalf of D.A., a minor, as his Guardian ad Litem,<br><br>Plaintiffs,<br><br>vs.<br><br>CVS PHARMACY, INC.,<br><br>Defendant. | Case No. 1:19-cv-01391-NONE-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>(Doc. No. 26) |

On March 29, 2019, Plaintiff Blanca Ambriz, individual and on behalf of D.A., a minor, as his Guardian ad Litem ("Plaintiff") filed a petition to approve a compromise with Defendant CVS Pharmacy, Inc. ("Defendant"). (Doc. No. 26.) Defendant did not file an opposition to the motion. On September 4, 2020, the Court issued an order requiring supplemental briefing on the Petition, vacating the hearing, and taking the matter under submission pursuant to Local Rule 230(g). (Doc. No. 29.) On September 24, 2020, Plaintiff filed a supplemental brief. (Doc. No. 30.) On December 17, 2020, Plaintiff's counsel, Vonn Christenson, filed a declaration in support of Plaintiffs' supplemental brief in support of Petition for approval of compromise of minor's claim. (Doc. No. 31.) Counsel attached the State Court's approval of the compromise to his declaration. (Doc. No. 31-A.)

Having considered the motion, the terms of the settlement, and the record in this matter, the Court will recommend that Plaintiff's Petition for Approval of Compromise of Minor's Claim be APPROVED and GRANTED.

///

///

1

## I. FACTUAL BACKGROUND

Plaintiffs initiated this action on June 13, 2019, in the Superior Court of California for the County of Tulare. (Doc. No. 1.) The California Judicial Council form complaint asserted claims for negligence, strict products liability, negligent infliction of emotional distress, and negligent hiring, retention, and supervision of staff arising out of an incident on or about March 15, 2018, when Defendant allegedly provided D.A. with an incorrect prescription, causing D.A. to suffer an adverse reaction. (*Id.*) On June 13, 2019, the state court appointed Blanca Ambriz as guardian ad litem for D.A. (*See* Doc. No. 25.)

The matter was removed to this Court on October 3, 2019. (*Id.*) On October 11, 2019, Defendant filed a motion to dismiss, which the Court granted in part and denied in part on April 2, 2020. (Doc. Nos. 5, 17.) The Court's order dismissed Plaintiff's claims for strict products liability and negligent infliction of emotional distress but allowed the negligence and negligent hiring, retention, and supervision of staff claims to proceed. (*See* Doc. No. 17.) On May 27, 2020, the parties filed a notice of settlement. (Doc. No. 20.) Plaintiff filed the instant petition for approval of the compromise of minor's claims on August 12, 2020. (Doc. No. 26.) Plaintiff filed a supplemental brief on September 24, 2020. (Doc. No. 30.) Plaintiff's Counsel filed a Declaration in support of the supplemental briefing on December 17, 2020. (Doc. No. 31.)

**Terms of Settlement**

Defendant has agreed to pay $5,000.00 to settle this action. According to the petition, $2,337.00 of this amount is apportioned to counsel for Plaintiff, representing $1,750.00 in attorneys' fees and $587.00 in costs, and $2,663.00 is apportioned to Plaintiff. There are no applicable medical liens and all bills related to services rendered to and on behalf of D.A. have been fully satisfied. The state court has ordered Plaintiff's portion of the settlement funds are to be made payable to Blanca Ambriz to be used in her best judgment for the benefit of D.A.

///
///
///
///

## II. DISCUSSION

### A. Relevant Standards

No compromise or settlement of a claim by a minor is effective unless it is approved by the Court. Local Rule 202(b). In actions in which the minor is represented by an appointed representative pursuant to appropriate state law, the settlement or compromise must first be approved by the state court having jurisdiction over the personal representative. Local Rule 202(b)(1). Following such approval, a copy of the order and all supporting and opposing documents filed with the state court shall be filed with this Court. *Id.* The Court may either approve the settlement or compromise without hearing or calendar the matter for hearing. *Id.*

In all other actions, the motion for approval of a proposed settlement or compromise must disclose, among other things, the following:

> the age and sex of the minor . . ., the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . ..

Local Rule 202(b)(2).

Additionally, when, as here, the minor is represented by an attorney, the representation must be disclosed to the Court, including the terms of employment and whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, whether the attorney stands in any relationship to that party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount. Local Rule 202(c).

Federal Rule of Civil Procedure 17(c) also imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). However, in *Robidoux,* the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without

3

regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.* at 1182 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

**B. Analysis**

The petition explains that D.A. was born in 2016 and the action was filed by his mother, Blanca Ambriz, individually and as guardian ad litem for D.A. The causes of action to be compromised are: 1) negligence; and 2) negligent hiring, retention, and supervision of staff. On or about March 15, 2018, Blanca Ambriz filled a prescription for amoxicillin and ibuprofen for D.A. with Defendant. Defendant allegedly incorrectly mixed the prescription and it was excessively concentrated. After Ms. Ambriz gave the incorrectly mixed prescription to her son, she received a call from Defendant to inform her that they did not mix the amoxicillin correctly. Within minutes of being given the medication, D.A. vomited for nearly ten minutes, had a fever, his eyes rolled to the back of his head, and he experienced full body shaking lasting approximately one minute. An ambulance was dispatched, and D.A. was transported to Sierra View Medical Center for treatment. He was also later treated by his primary care doctor and Valley Children's Healthcare.[1] According to the petition, this experience seriously impacted D.A.'s appetite for many days as well as his developmental progress. Defendant contacted Ms. Ambriz twice on March 15, 2018, to notify her of the mistake and to follow up on D.A.'s condition. On March 16, 2018, Ms. Ambriz went to Defendant's store and met with an employee who allegedly apologized for what occurred. Ms. Ambriz gave the prescription bottles to the employee and a supervisor later contacted her to update her regarding the claim. Defendant disputes Plaintiff's allegations and maintain that it is unclear whether D.A. ingested any of the suspect medication or that any medical problems D.A. experienced were caused by the medication and not by a pre-existing and ongoing ear infection and viral infection.

The Petition and supplemental brief hold that the settlement amount is reasonable based on the highly disputed nature of Plaintiff's claims and the brief and temporary nature of the alleged injuries.

---

[1] The petition states that copies of "pertinent medical records" are attached as an Exhibit A, Plaintiff failed to attach the documents. Plaintiff instead attached the documents as Exhibit A to the Supplemental Brief in Support of Petition. (Doc. No. 30-1.)

4

(Doc. No. 30 at 2.) Based on the representations from Plaintiff, the settlement amount appears fair and reasonable.

Plaintiff is represented by attorney Vonn R. Christenson of Christenson Law Firm, LLP. Plaintiff retained Mr. Christenson on April 25, 2018 and he has represented Plaintiff through the pendency of this case. The petition states that counsel had no prior relationship with Ms. Ambriz or D.A. prior to representing them in this case. The agreement for legal services provides for a contingency fee of "35% of all monies recovered after the initiation of formal litigation proceedings before a court." (Doc. No. 30-3.) The petition requests payment of $1,750 to Plaintiff's counsel for attorney fees. The Court notes that $1,750 is 35% of the settlement amount of $5,000. Plaintiff's counsel has assessed costs for this matter in the amount of $587. (Doc. No. 30-2.) Plaintiff's counsel submits that his fees and costs are reasonable and consistent with a written contingency fee agreement with Plaintiffs. Plaintiff's counsel spent over nineteen (19) hours representing Plaintiffs in this case and Mr. Christenson's normal hourly rate is $330.00 per hour. Counsel represents that, had this case been pursued on a regular hourly basis, the ultimate fee would have been much higher than the $1,750.00 requested.

On December 10, 2020, the state court approved Plaintiffs' petition. (Doc. No. 31-1.) Having considered the petition and relevant state court documents, the Court finds that the total settlement amount of $5,000.00 and the distribution of $2,663.00 to the minor Plaintiff to be fair and reasonable in light of the facts of the case and the minor's specific claims. Additionally, the state court has ordered Plaintiff's portion of the settlement funds are to be made payable to Blanca Ambriz to be used in her best judgment for the benefit of D.A. (Doc. No. 31-1.) Given the age of the child, and the relatively small net amount to D.A., the Court finds payment to Blanca Ambriz reasonable. Thus, the method of disbursement of the settlement likewise appears fair and reasonable. Accordingly, the Court will recommend approval of the petition.

///
///
///
///

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

1. Plaintiffs' petition for approval of minor's compromise (Doc. No. 26) be GRANTED, and the terms of the settlement, including payment of attorneys' fees and costs be APPROVED as fair and reasonable; and

2. Defendants shall prepare and deliver the drafts for the settlement proceeds in the amount of $5,000.00 no later than fourteen (14) days after final approval of the petition, payable as follows:

    a. Defendants shall issue a check for $2,336, payable to Christenson Law Firm, LLP. These funds shall be used to satisfy the attorney fees and costs owed by minor plaintiff D.A. to Plaintiffs' counsel; and

    b. Defendants shall issue a check for $2,663, payable to Blanca Ambriz on behalf of the minor plaintiff D.A.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 13, 2021**              /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE